Hear ye, hear ye. This Honorable Appellate Court for the 2nd Judicial District is now in session. The Honorable Robert D. McLaren presiding. Your Honors, the second case on the docket this morning is 2-22-0374, the people of the state of Illinois, Plaintiff Appellee v. James W. Turac, Defendant Appellant. Arguing on behalf of the appellant, Ms. Adrienne M. River. Arguing on behalf of the appellee, Ms. Stephanie Hoyt Lee. Thank you. Ms. River, you may proceed. Thank you. Good morning, Your Honors and Counsel. Aiden River, Office of the State Appellate Defender, on behalf of James Turac. Your Honors, false testimony at the grand jury misled the grand jury into finding probable cause for criminal sexual assault. The only testimony establishing a position of trust presented at the grand jury was that the complaining witness lived at the recovery home run by Turac. Counsel, can I interrupt you? Yes. You say there is the only evidence, and you're going to talk about whether or not the victim resided in Hothaus for any period of time. But in order for you to make such an accurate statement, it would help this court if you would define what a position of trust is. Well, I think the court and Sekar discussed that, and there has to be some kind of basis objectively whereby the person would trust, I mean, just the plain language of trust, trust the other person. So I think there's a subjective element to it, but it has to be a somewhat reasonable. And it's not defined as a babysitter or a chaperone. Do you think those words may apply in this case? I don't dispute, I mean, the appellate court did find on direct appeal that there was enough evidence that there was a position of trust. But my argument is that there wasn't evidence presented at the grand jury to show probable cause of that kind of relationship other than the fact that the complaining witness lived at the recovery house. There was testimony that the complaining witness believed that Turek was a substance abuse counselor, but the detective didn't testify that Turek was, in fact, the counselor. It was just a title. There was no testimony about the relationship showing whereby the complaining witness could have trusted Turek. Most of the testimony was about the recovery house. And then she said that he lived there, he believed him to be a counselor, and they took him to a motel, and there was testimony about the assault. There was no testimony about the activities that Turek fed him and sheltered him. It was very bare bones. Did Mr. Turek give him a card? No, the complaining witness got the card when he went to Alateen meeting. A woman gave him the card, yes. But all that information on the PC court referred to that kind of information wasn't presented to the grand jury. So that is why this is such an egregious testimony by the detective, because the clear implication of her testimony as a whole at the grand jury is that this is a place where addicts get help, and that Turek was the complaining witness's counselor. Other than that, the grand jury could not have found probable cause of a position of trust just based on the fact that the complaining witness believed Turek to be a counselor. There wasn't any testimony about the relationship showing facts where you could find that there was trust between the two parties. Now, the PC court should have found that the detective committed perjury. This was at the evidentiary hearing. This was the chance for the detective to explain what happened. She didn't say, it would have been the easiest thing in the world, I made a mistake. I had a lapse of memory. I know he didn't live there, and that was a mistake. But instead, when specifically asked, you know, why did you say that at the grand jury? She started to talk about the fact that actually Turek said the complaining witness couldn't live there for the first week. And so her testimony does not make any sense. She tried to justify false grand jury testimony. But didn't the court find that that was like sloppy? You know, in the grand jury, you're often asked leading questions. And he just said, she said, yes, yes, yes. And the court found that that was sloppy, but not perjury. So, you know, there has to be many more elements in order to find perjury. And the court didn't find that here. Yes, the court didn't find that. But I think that finding was against the manifest way to the evidence. There was no basis to find sloppiness. The detective didn't say, oh, I, you know what, I realized now I didn't look at my report. I just had, I just forgot. I got confused. That was their opportunity. So there really was no basis to find sloppiness. And as far as a leading question, I mean, it brings up, you know, what prosecutor will ask a leading question not knowing the answer? So I don't know what was going on with the prosecutor. But there, there's no basis here to find that it was sloppiness. If she had testified to some kind of lapse in memory, or I just sorry, I made a mistake, but she never did that. She never did that. And I don't know what she was thinking. Perhaps she thought it would strengthen the case or you needed, you need to like an official position as the counselor to have a position of trust. I don't know what was going on in her mind. She had the opportunity. She didn't explain. And that is why the post conviction court made a manifest error. Was there a precondition that somebody who wasn't 18 or 17, whatever the appropriate age was to eligible? Pardon me. I'll start again. The record indicates that there was a condition that people who went into Holt House were required to spend time 24 seven with either Mr. Turek or some other employee. And I'm not sure there were any other employees. I think the testimony, he was the only employee. Yes. Yes. And so is the record not reflective of the fact that the complaining witness was with Mr. Turek for at least four days, 24 seven. I don't remember the specific number of days, but it was several days. Yes. And the detective did talk about that at the evidentiary hearing. But the fact that somebody would have to spend time with Turek for for some set period a week, I think that was correct, before living at the recovery home. That still doesn't justify her false testimony that, in fact, the complaining witness did live there at the time. No, but wouldn't a different issue? Well, it's a it's a different fact, but it's not a different issue. Different fact. I'm sorry. The the fact that Mr. Turek was for whatever number of days, it could have been four or six. I don't recall that he was the mode of transportation. He was the mode of shelter. He was the mode of food. And he was apparently the sole custodian or the sole person who was in the presence of the minor. Wouldn't that tend to indicate that he was a person of trust? Yes, but that evidence is was not presented to the grand jury. So the issue is here is whether the grand jury could have found a position of trust absent the false testimony that the complaining witness actually lived at the recovery house. We can't look at these other facts because we're just we're just focusing on what was presented to the grand jury. And the state relied on those facts. And in its brief, the post-conviction court relied on those facts, finding that the Turek was in loco parentis. But that those facts weren't presented to the grand jury. So we are we're limited to what what what was presented to the grand jury. Yes. OK. But even even if the false testimony, even without that false testimony, there certainly was ample evidence to indict the defendant of the criminal sexual assault based on a position of trust, wasn't there? No, that's no. Why not? I mean, there was. Go ahead. Excuse me. No, that's all right. If you look at the grand jury testimony, all this evidence about their of days spent together, you know, feeding him sheltering, that was not presented to the grand jury. So the grand jury decides probable cause based on whatever was presented. So we can't look at. Evidence presented later, the state had the opportunity to do this. I don't know why they didn't present all their evidence, but the fact remains that the evidence it presented was very limited on what happened between these two people was not sufficient to show that there was a position of trust. All it was is he said he had been with Turk, he lived at the home, he believed Turk to be a substance abuse counselor, and then Turk took him to a motel where the assault that that's really the that's all that the grand jury heard. There is no basis to the subjective belief of the victim is that why is that not enough to establish a position of trust that the victim believed he was a counselor combined with the information that Holt House put itself out as a recovery residence, etc. Why is that subjective belief not enough? Because the grand jury didn't hear evidence that Turk was his counselor. It's like all they heard was he thought he was a counselor. That by itself isn't enough, but the combination of that with the fact that the false testimony they lived there, that those two facts combined misled the grand jury into finding a position of trust. So if you if you took out the fact that he lived there and all you have is the grand jury hearing that the testimony, well he thought he was a counselor, well he could have thought it as like a job title or a volunteer title. That doesn't show why he would trust him. He's 45 years old and the defendant is a run or the victim is a runaway and he's a counselor. Isn't that sufficient to show there was some position of trust? No, I don't think so. For probable cause. No, because there's not there was no there were no facts solicited in the grand jury about why the fact that Turk was a counselor meant there was trust. There was no evidence about what happened before except he'd been with had been with Turk and lived at the home. There was no elicitation of evidence as to what led up that led up to that assault and why he would trust him. I mean it was just like could give him any any kind of job title. Does that necessarily mean that there was trust there? Just because someone is a counselor doesn't mean you you are going to trust them, but had the state elicited other facts that would have been different. But this was so bare bones. It was so minimal and that's why this false testimony that he lived there was so crucial to the the grand jury's finding of probable cause. That's the only way they could have found because he lived there. So if you look at those facts combined, that is why there was this was an egregious misleading of the of the grand jury. Did Jeopardy attach? Well, he's I mean he was convicted, but he's raising this this issue so I think we you know we can it's possible for the do we vacate the conviction and indicate that Jeopardy attach and therefore the state can't My argument is that he can't be prosecuted because of of the holding in Hunter that the public policy is to deter this kind of egregious conduct and now I realize that you know Basil is pending in Illinois Supreme Court and my position is even if it could be concluded that the detective unintentionally presented this false testimony that the way of the authority is that unintentional deception is a violation of of due process under defense de Vincenzo, which included as a due process violation that the state presented other deceptive or inaccurate evidence and I think the context of the site to Hogan there where the federal court said that was cited favorably by the Illinois Supreme Court that even when we have false testimony that's possibly inadvertent you're still impairing the grand jury's independent role. And again this is the you know the Illinois Supreme Court will be deciding this but I think also if you look at the language in the Illinois Supreme Court case there's that phrase deliberately or intentionally and I think that a fair reading is that it does not apply to the other clauses because the court also talked about using known perjurer false testimony in that that second clause so why would you have to that would be redundant if that phrase you know deliberately or intentionally would also apply to that clause. So that burden is on you to show that it was it was fraud it was you know a false statement and the court found that it was error and how do you propose that it was purposely a false statement that it was perjury? I think we've met the burden because the detective had the opportunity to explain that it was a mistake she never said it was a mistake she tried to justify her false testimony and it just to me it leaps off the page that she's not telling the truth. I don't I think she never said she never gave the court a reason to find that this was just sloppiness. She did not justify that her false testimony as unintentional behavior. Your time's up are there any other questions from the panel? Thank you you'll have an opportunity to make rebuttal. Okay thank you. Ms. Lee you may proceed. Good morning your honors I apologize in advance for my forced voice. I may have pleased the court and counsel. This is supposed to be manifest weight to prove that there was a substantial constitutional violation and has not done so. In terms of asking that the detective justify in order for the court to make a credibility finding that is just not necessary. I have a question. Okay. Was not the alleged falsehood based upon an answer that was essentially yes? Absolutely. So if the answer was yes then the leading question was the context and the substance of what the falsity was is that not correct? Yes I would agree with you. And if the assistant state's attorney who was asking the question asked the question then why wouldn't this falsity fall upon the state's attorney instead of a non-state's attorney or a non-state agent i.e. the police officer detective? Certainly the you know I think that's why the court was a little concerned with the leading questions that you know that way. The fact of the matter though is it all comes down to whether or not was any prejudice no matter how you analyze this. Even in DiVincenzo when they found a violation it was still found to be no prejudice. And here what you have is you do actually have probable cause. You had the 45-year-old defendant, you had a 14-year-old runaway, you had him among other places which was the testimony taking him to a motel in Lake County and then penetrating his anus against his will which we did in fact have a medical exam showing that there were recent recent abrasions. And you have that KP believed he was actually a substance abuse counselor. As far as your question Justice McLaren about the definition of a trust, this court's 2012 direct appeal defined it and found it without him residing at the hote house and that would be law of the case as well. So a lot of the reply brief is about you know the state not rebutting that this was perjury or all of those things. We don't need to rebut anything. The defendant has the burden here and the court made very very thorough and very specific findings after watching the detective testify. And as far as the cases Basile and Oliver and DiVincenzo all of them involved a pre-trial pre-trial challenge. And what you have here is a post-trial challenge remedy very unclear what you could even do at this point once has been found beyond a reasonable doubt that he in fact had a position of trust. And again no prejudice no matter how you look at it. In in terms of the ineffective assistance you actually had a crank over explained why they didn't pursue it. And the fact of the matter is defendant wanted a speedy trial. It would have been re-indicted and it was not done at that time. What you're left with is probable cause on the face of the grand jury transcript which this court has before it. And in fact the court at third stage believing that one of these statements was true the other was false but not intentionally so. And you still had probable cause. And I think that's basically what I would want to say unless the court has questions. In response to their argument that the grand jury did not hear evidence that the defendant was KP's counselor. KP may have subjectively believed he was a counselor but they argued that there was no evidence that he was in fact KP's counselor. Well I think that it's a reasonable inference that grand jury could make from that KP believed he was actually a substance abuse counselor and he was running a substance abuse recovery home. And the victim was a 14-year-old runaway in the care of a 45-year-old man who took him quote among other places to a motel. All of that is a position of trust. Again whether he was a counselor specifically for KP or not doesn't make the whole case of whether he was in the relationship of a position of trust. And again this court found on direct appeal that he was in fact in a position of trust with or without being a counselor. However he actually did take him we know from the later evidence to meetings to Kentucky to meet with his own sponsor. He was in Wisconsin. He was in he was the sole person that KP was looking for for help. That's a position of trust. Does that answer the question? Yeah. Okay. Unless the court has other questions. I think people would just ask that this court affirm. What is your response to my question regarding whether Jeopardy is detached? I would say there is substantial evidence we know. So you could you could theoretically retry. We do understand that there's been a full jury trial so Jeopardy would have attached at the time the jury was sworn. We do of course have this other emerged conviction which this court would not have jurisdiction over at this point in time. So certainly it would have to be beyond a reasonable to hope that it would have been vacated without any kind of a retrial. And so I would think that based on the sufficiency of the evidence the court could still order a retrial if that need to be. And in either event we have the merged conviction which would have to be remanded. What's your response to the comments made by Ms. River regarding the case pending before the Supreme Court? Yes the seal it was raised prior to trial just different than here. Um it was a confession of the defendant which was pretty much conclusive on an issue um an element of the issue there was consent. Here what we have is one fact that at best reflects upon a factor with other facts that can reflect upon the same element. So it is extremely distinguishable. But also in the seal the court found that there would have been no indictment without evidence of a confession. Here we have enough for the indictment and again we also have the fact that we now have a full finding beyond a reasonable doubt which has been affirmed by this court on appeal and is law of the case. Thank you. I have no further questions. Mary? Chris? No further. Thank you. Thank you. Ms. River you may make rebuttal. Thank you your honor. The state continues to rely on evidence that was outside of the grand jury. He's a sole caretaker even even Turk's age. As far as the determination that there was no there was a reason there was no reasonable doubt on consent law of case that doesn't apply here. This is not a reasonable doubt case. We're not contesting and nor could we contest this court's decision that there was in fact a relationship of trust. The issue is here again as to what the grand jury was presented with and mere testimony that he among other places he went to a motel and he thought he was a counselor doesn't show a position of trust. It's only combined with the false testimony that he actually lived there. In fact the state mentioned it like yeah it was a recovery house. Yes that's why this is misleading. That is why the the grand jury found could have found a position of trust. As far as the conviction rendering the error harmless the state should not be able to reindict. That would be inconsistent with the holding in Hunter where in that case the court determined the public policy behind the statute on indictments and dismissals and if the property remedy is dismissal indictment with prejudice even in you know in that situation where there wasn't a conviction the remedy still should be proper where there has been a conviction. Even if there was unintentional misconduct an error should still not be considered harmless because we still need a strong deterrent against prosecutors being sloppy being careless. The court at the prosecutor asked a leading question and they should have realized that that was a that was a an error. The documentation did not show that the complaining witness ever lived at the recovery house. So I don't know what was going on there but this is this is serious business. The grand jury really has two roles. It is to investigate and find probable cause but also equally important it's independent and it is supposed to shield accused from aggressive and unfounded prosecution and whether it's intentional or unintentional this behavior cannot be just this conviction and not allow re-indictment. So your honors therefore we ask this court to reverse the denial of PC relief and to vacate the conviction for criminal sexual assault. Thank you. Any questions? No further questions. Thank you. Mr. Marshall will you close out the case? you